TONY WILLIS on behalf of himself
and the HEIRS OF AMELIA VA, Plaintiff

v.

FAI'IVAE GALEA'I and FAI'IVAE FAMILY, TO'OMATA
M.T. TUITELE, CHIEFS OF LEONE VILLAGE, SUAPA'IA
ANETERE'A, PIO LE'OSO and SE'E LE'OSO, Defendants

SA'AGA LEVI on behalf of himself and the
HEIRS OF AFELE LEVI, Plaintiff/Intervenor

WILLIAM AH KUOI, Defendant/Intervenor

PAT M. GALEA'I, Defendant/Intervenor

OLO LETULI, Defendant/Intervenor

SUAFO'A VELIO, Defendant/Intervenor

PIO SAGOTE on behalf of himself and the
SAGOTE FAMILY, Defendant/Intervenor

PULETU M. MEREDITH, Defendant/Intervenor

TAELEIFI MANE, Defendant/Intervenor

ROMAN CATHOLIC DIOCESE OF SAMOA-PAGO PAGO,
Intervenor

LE'OSO A. RIPLEY on behalf of the
LE'OSO FAMILY, Defendant/Intervenor

LE'OSO A. RIPLEY on behalf of the
Estate of EDWARD RIPLEY, Defendant/Intervenor

TONY WILLIS and VAETOIFAGA D. ASUEGA
on behalf of themselves and the
HEIRS OF AMELIA VA, Plaintiffs/Objectors

v.

FAI'IVAE FAMILY and MALUOLEFALE P. SALAVE'A,
Claimants/Defendants

TO'OMATA M.T. TUITELE, AVEGALIO FAMILY,
LE'ALAIALOA FAMILY, AIGAMAUA FAMILY, CHIEFS AND
TALKING CHIEFS OF LEONE, FAI'IVAE GALEA'I,
TAELEIFI A. RIPLEY, and FAILAUTUSI AVEGALIO,
Plaintiffs/Objectors

v.

DOROTHY V. ASUEGA on behalf of the
HEIRS OF AMELIA VA TALAMAIVAO, Defendant/Claimant

TONY WILLIS, Plaintiff

v.

SU'A of the Village of Auma, ETUALE & SONS of the
Village of Auma, and DOES I through X, Defendants

TUITELELEAPAGA NAPOLEONE, Plaintiff

v.

TONY WILLIS, Defendant

LUCY UO AH CHING, EUGENE UO, EDWARD UO, and
EMILE UO for the UO FAMILY, Plaintiffs

v.

AMOS GALEA'I and FAI'IVAE GALEA'I, Defendants

High Court of American Samoa
Land & Titles Division

LT No. 45-81
LT No. 45-82
LT No. 08-84
LT No. 22-86
LT No. 06-87

---

Before REES, Associate Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For heirs of Amelia Va and Diocese of Samoa-Pago Pago, Charles V. Ala'ilima
For Amos and Fai'ivae Galea'i and Fai'ivae family, Fai'ivae A. Galea'i
For To'omata and Suapa'ia, Tau'ese P.F. Sunia
For Pio Le'oso, Se'e Le'oso, and Le'oso A. Ripley, Arthur Ripley Jr.
For William Ah Kuoi, Lucy Uo Ah Ching, Eugene Uo, Edward Uo, and Uo and Iuli families, Gata E. Gurr
For Olo, Suafo'a, Avegalio family, Aigamaua family, and Le'alaialoa family, Aitofele T. Sunia
For Puletu, Isa-Lei F. Iuli
Taeleifi pro se
For Failautusi Avegalio, Asaua Fuimaono
For Tuiteleleapaga, Tautai A.F. Fa'alevao

The hearing on this motion by Le'oso for new trial or amendment of our judgment was continued several times so as to allow the parties to attempt a settlement.

At the most recent hearing, counsel for Le'oso and counsel for Iuli informed the Court that these parties had reached a settlement. The terms of this settlement appear to be that Iuli will cede to Le'oso a portion of the land held to be his family's property but presently occupied by members of the Le'oso family, and Le'oso will agree to the dismissal of his motion for new trial or amendment of the judgment with respect to the remainder of this land. We have been promised a written stipulation, which we expect to receive momentarily and which will be entered as an amendment to our judgment.

The remainder of the Le'oso motion had to do with land held to be the property of Taeleifi. At the recent hearing we were also informed that Le'oso and Taeleifi had not reached a settlement. Each of these two

parties agreed that the motion (insofar as it relates to land held to be Taeleifi property) would be submitted to the Court on the previous post-trial submissions, along with any additional written submissions the parties should submit by February 8. We have, however, received a "supplemental memorandum" (filed February 8) from Taeleifi, to the effect that some sort of settlement has in fact been reached between him and Le'oso. The terms of this settlement, according to Taeleifi, are that Taeleifi will "designate a portion of said disputed land awarded to the Sa Taeleifi family, for the use and occupation by Le'oso family members." It appears, however, that the details are yet to be worked out and that the parties have agreed "for counsel Ripley's appeal [on behalf of Le'oso] to proceed" while the parties negotiate such details.

The court has received no additional submission from counsel for Le'oso and therefore assumes that Taeleifi's memorandum represents the understanding of all parties.

Accordingly, the motion by Le'oso for new trial, reconsideration, or amendment of judgment is denied for the reasons stated in Part III(F) of our original opinion. We note, however, one apparent factual error in that opinion. A Taeleifi house which we identified as being "near the southeasternmost boundary" of the Taeleifi survey, although marked in that location on one of the exhibits, appears in fact to have been the same house which (prior to its substantial destruction by the 1990 hurricane) belonged to the children of Pepa Taeleifi and was adjacent to Pepa's house in the central, not the southeastern, portion of the Taeleifi survey. Although this change in our findings of fact tends to help Le'oso, we are not convinced that it should change our conclusion that there was sufficient Taeleifi activity in the area to prevent the Le'oso occupation from being exclusive for the requisite twenty-year period.

Accordingly, the motion is denied.